# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF FLORIDA
# TALLAHASSEE DIVISION

DIOP KAMAU,

Plaintiff,

v.

GREGORY A. SLATE,

Defendant.

Civil Action No. 4:24-cv-207-AW/MAF

## COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

### INTRODUCTION

Plaintiff Diop Kamau ("Plaintiff") is the sole proprietor of the Police Complaint Center located in Tallahassee, Florida, and serves as the Executive Director of the Equal Justice Project, a Florida-licensed private investigative agency providing investigative support to low-income clients. Plaintiff brings this action against Gregory A. Slate ("Defendant"), a former employee, for fraudulent copyright claims that interfere with Plaintiff's ongoing nonprofit and investigative operations.

### JURISDICTION AND VENUE

This Court has jurisdiction over this matter under 28 U.S.C. § 1331 as this case involves a federal question concerning copyright law. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events giving rise to the claims occurred here.

### PARTIES

1. Plaintiff, Diop Kamau, is a resident of Tallahassee, Florida, and conducts business primarily in Florida.
2. Defendant, Gregory A. Slate, is a resident of Washington D.C., and a former employee of the Police Complaint Center.

### FACTUAL ALLEGATIONS

1. Plaintiff has operated the Police Complaint Center since 1994, producing investigative content in collaboration with various television stations.
2. Defendant was employed by Plaintiff and participated in creating content under Plaintiff's direction and within the scope of his employment.
3. Defendant has falsely claimed copyrights over content produced during his employment, despite previous legal findings indicating such content was produced as "work for hire" for the Plaintiff.
4. In prior litigation, specifically Slate v. ABC News, it was established that Defendant was acting within the scope of his employment at the Police Complaint Center when the content in question was produced.
5. Defendant has used deceptive practices, including the use of his brother's identification and unauthorized use of email accounts, to support his fraudulent claims.
6. Defendant's actions have led to severe disruptions to Plaintiff's business operations, including the suspension of Plaintiff's YouTube account, which is crucial for the visibility and funding of his non-profit activities.
7. On January 24, 2024, the Defendant filed a new defamation lawsuit in the District of Columbia (2024-cab-000354) while the claims were still being litigated before the Honorable Judge Mark Walker in case number 4:21-CV-390-MW/MJF, engaging in claim splitting for harassment.
8. In the case of Slate v. ABC News, Judge Beryl A. Howell ruled that Defendant's claims of copyright ownership were invalid under the "work for hire" doctrine. The court found that Slate acted as an employee under the common-law agency test of Community for Creative Non-Violence v. Reid, 490 U.S. 730 (1989), thereby establishing that any footage recorded by Slate was a "work for hire" and Slate owns no copyright in it.
9. Judge Howell applied the doctrine of equitable estoppel, barring Defendant from asserting personal ownership of the content. The court noted that Defendant held himself out as acting on behalf of the Police Complaint Center (PCC) and that the Defendants (ABC News) reasonably relied on these representations in their dealings. As a result, Defendant is equitably estopped from asserting his own ownership for purposes of suing for copyright infringement.
10. In Defendant Slate's new lawsuit filed in the District of Columbia, he quotes Judge Walker, mischaracterizing what Judge Walker actually said. Defendant Slate claimed, "At the final hearing the presiding judge questioned aloud if Defendant Kamau might be 'delusional.'" However, the actual statement by Judge Walker was a more nuanced consideration of the evidence and testimonies presented.

## COUNT I: DECLARATORY JUDGMENT

Plaintiff seeks a declaratory judgment that the content produced by Plaintiff and claimed by Defendant is not subject to Defendant's copyright claims and is lawfully owned and used by Plaintiff.

## COUNT II: INJUNCTIVE RELIEF

Plaintiff requests an injunction requiring Defendant to withdraw all pending copyright claims against Plaintiff's content and prohibiting Defendant from filing further claims without Court approval.

## COUNT III: ABUSE OF PROCESS

Defendant's repeated misuse of legal processes to harass Plaintiff and interfere with his business operations constitutes an abuse of process.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court:

a. Issue a declaratory judgment in favor of Plaintiff.
b. Grant an injunction requiring the immediate withdrawal of Defendant's copyright claims and restraining Defendant from further claims without Court approval.
c. Award Plaintiff costs and attorney's fees.
d. Grant such other and further relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff hereby demands a trial by jury on all issues so triable.

RESPECTFULLY SUBMITTED,

/s/ Diop Kamau
Diop Kamau
Pro Se Litigant
Address: 9217 Hampton Glen Court, Tallahassee, FL
850-566-7960
diopkamau@policeabuse.com