# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF FLORIDA
# TALLAHASSEE DIVISION

**DIOP KAMAU,**

    **Plaintiff,**

vs.                                                                  **Case No. 4:24cv207-AW-MAF**

**GREGORY A. SLATE,**

    **Defendant.**

_____/

## **O R D E R**

Plaintiff, proceeding pro se, initiated this case on May 13, 2024, by filing a complaint, ECF No. 1, alleging fraudulent copyright infringement against Defendant Gregory A. Slate. Plaintiff simultaneously paid the filing fee, ECF No. 2, and the Clerk's Office issued a summons, ECF No. 4, for the Defendant. An Order was entered on May 15, 2024, advising Plaintiff of his responsibility to serve the Defendant with service of process. ECF No. 5.

In June 2024, Plaintiff filed a first amended complaint. ECF No. 6. This complaint now omits Slate as a Defendant and names Janakan

Thiagarajah as a Defendant. *Id.* Again, the Clerk issued a summons for that Defendant. ECF No. 7.

Although Plaintiff is permitted to amend his pleading "once as a matter of course" pursuant to Federal Rule of Civil Procedure 15(a), the amended complaint cannot proceed as filed. Plaintiff included an electronic signature on the amended complaint. ECF No. 6 at 25. Because Plaintiff is a pro se litigant, all documents "filed by a pro se party must include a signature block with the party's handwritten signature, typed or printed name, street address, email address if the party has one, and telephone number if the party has one." N.D. Fla. Loc. R. 5.1(E). A pro se party is not permitted to file documents with an electronic signature.

In light thereof, Plaintiff's submission is deemed to be an unsigned pleading. Pursuant to Federal Rule of Civil Procedure 11(a), the Court "must strike an unsigned paper unless the omission is promptly corrected after being called to the attorney's or party's attention." Fed. R. Civ. P. 11(a). Plaintiff shall have until **July 31, 2024**, to correct that deficiency.

Another deficiency which Plaintiff must correct is that the amended complaint fails to present all factual allegations in short, numbered paragraphs as is required by Rule 10(b). Federal Rule of Civil Procedure

10(b) directs that all statements be presented "in numbered paragraphs, each limited as far as practicable to a single set of circumstances." Fed. R. Civ. P. 10(b). An appropriate response to the pleading could not be submitted by the Defendant in a meaningful fashion without the use of numbered paragraphs.

Additionally, Plaintiff has not properly asserted claims against the Defendant. The amended complaint lacks a clear statement of the claims brought against the Defendant. Plaintiff has confused the nature of claims with the relief sought. For example, Plaintiff asserts as Count I - "Declaratory Judgment." *Id.* at 19. As Count II, Plaintiff asserts "Injunctive Relief." *Id.* Those are types of relief that may be awarded in a successful lawsuit, but they are not claims.

Plaintiff must present a second amended complaint which complies with Federal Rule of Civil Procedure 8. That means Plaintiff must present a "short and plain statement of the grounds for the court's jurisdiction," as well as a "short and plain statement of the claim showing that the pleader is entitled to relief," and a separate "demand for the relief sought." Fed. R. Civ. P. 8(a). In presenting the facts which support the claims asserted, Plaintiff is advised that the allegations need only "be simple, concise, and

direct." Fed. R. Civ. P. 8(d)(1). Lengthy narrative details are not required and are, generally, not beneficial at the pleading stage of litigation. Indeed, Plaintiff includes numerous allegations which pertain to former Defendant Slate rather than the current Defendant.

Moreover, Plaintiff's amended complaint as filed is 25 pages in length. The Rules of this Court limit a complaint to no more than 25 pages. N.D. Fla. Loc. R. 5.7(B). However, Rule 5.1(C) specifies that all documents must be "double spaced with at least 14-point font" on each page. N.D. Fla. Loc. R. 5.1(C). It does not appear that Plaintiff is utilizing 14-point font; had that size font been used, the amended complaint would exceed 25 pages.

In light of these deficiencies, Plaintiff is afforded an opportunity to submit a second amended complaint. Plaintiff shall have until **July 31, 2024**, to do so. The second amended complaint must comply with the Local Rules of this Court, and Plaintiff must make clear which factual allegations support which claims.

Accordingly, it is

**ORDERED:**

1.  Plaintiff shall have until **July 31, 2024**, to file a second amended complaint in compliance with this Order.

2.  Plaintiff's first amended complaint, ECF No. 6, is deemed to be a legal nullity and will be stricken because it is not properly signed as required by Rule 11 or Local Rule 5.1.

3.  Plaintiff is reminded that he must keep the Clerk of Court advised should there be any change in his mailing address.  The Court will not seek to locate a non-prisoner Plaintiff and if mail is returned to the Court as undeliverable to Plaintiff, this case will be dismissed.

4.  The Clerk of Court shall return this file upon receipt of Plaintiff's second amended complaint or no later than **July 31, 2024**.

**DONE AND ORDERED** on July 11, 2024.

> S/   Martin A. Fitzpatrick
> **MARTIN A. FITZPATRICK**
> **UNITED STATES MAGISTRATE JUDGE**