## IN THE UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF FLORIDA

## TALLAHASSEE DIVISION

**DIOP KAMAU,**

      *Plaintiff,*

v.                               **Case No.: 4:24-cv-207-AW/MAF**

**JANAKAN THIAGARAJAH, BELLWETHER LAW FIRM PLLC.,**

      *Defendants.*

_____/

## PLAINTIFF'S MOTION FOR ALTERNATIVE SERVICE

COMES NOW, the Plaintiff, Diop Kamau, proceeding pro se, and pursuant to Rule 4(e) of the Federal Rules of Civil Procedure and the Local Rules of the Northern District of Florida, hereby moves this Honorable Court for an Order allowing Plaintiff to effectuate service of process upon Defendant, Attorney

FILED USDC FLND TL
OCT 16 '24 PM12:57
bt

Janakan Thiagarajah, via email as an alternative method of service. As grounds for this motion, Plaintiff states as follows:

 BACKGROUND

1. Plaintiff has initiated this action and has made diligent efforts to serve Defendant, Attorney Janakan Thiagarajah, through conventional means of service, including personal service by the Miami-Dade Sheriff's Office, private process servers, and email communication. Despite repeated attempts to serve Defendant in person, Defendant has continuously evaded service.

2. Plaintiff now seeks to effectuate service via email, specifically at janakan@bellwetherlaw.com, which is actively used by Defendant and through which Defendant has communicated with Plaintiff on multiple occasions.

3. Defendant's email, janakan@bellwetherlaw.com, is associated with his Florida Bar License. While Defendant has failed to respond to service attempts, he continues communicating with Plaintiff and Plaintiff's Washington DC attorneys, David DeWitt and Walter Gilchrist, within the past 2 weeks through this email and admin01@bellwether.aw.io regarding the DC

Case No.: 2024-CAB-000354, demonstrating awareness of the ongoing

litigation.

 ATTEMPTS TO SERVE THE DEFENDANT

 **Miami-Dade Sheriff's Office – Court Services Division (Juan Hernandez, ID 8832)**

4. On August 9, 2024, the Miami-Dade Sheriff's Office received the summons

to serve Attorney Thiagarajah at his known address, 340 Geraldo Avenue, Apt

512, Coral Gables, FL 33134. The Sheriff's Office made multiple unsuccessful

attempts to serve Defendant at this address:

  - August 13, 2024, at 5:25 PM: No access to the apartment, no response.

  - August 14, 2024, at 10:00 AM: No answer; a notice was left on the door.

  - August 15, 2024, at 9:24 AM and 5:15 PM: No answer; a notice was left on

the door; no access to the elevator was available at 5:15 PM.

  - August 16, 2024, at 9:12 AM: No answer; a notice was left on the door.

  - August 19, 2024, at 9:30 AM and 6:40 PM: No access gained; no response.

 **Miami-Dade Sheriff's Office – Court Services Section (Jarrell Roberts, ID 60171)**

5. Additional attempts were made on September 24, 2024, by the Sheriff's Office:

  - September 24, 2024, at 10:18 AM: No answer; a message was left.

  - September 25, 2024, at 9:27 AM: No answer.

  - September 25, 2024, at 3:40 PM: No answer.

  - October 1, 2024, at 5:53 PM: No answer.

**Private Process Server – Elena Dyer**

6. Private investigator and process server Elena Dyer, also made attempts to serve Defendant:

  - July 29, 2024, at 7:30 PM: Attempted to serve Defendant at his home, but no response. A security guard confirmed that Defendant resides at the address.

7. Multiple calls were made to Defendant's phone numbers listed with the Florida Bar on August 19, August 20, August 21, and August 29, all of which went unanswered.

**Private Investigator – Lorenzo Scott**

8. Private investigator Lorenzo Scott attempted service contact via email. Between September 17, 2024, and October 9, 2024, Mr. Scott sent approximately 15 emails daily to Defendant at janakan@bellwetherlaw.com and admin01@bellwetherlaw.io, all of which notified Defendant of the attempts to serve him. Key email dates include:

  - October 9, 2024, at 3:22 PM.

  - October 8, 2024, at 4:19 PM.

  - September 30, 2024, at 8:32 AM.

  - September 27, 2024, at 4:16 PM.

  - September 25, 2024, at 5:30 AM.

9. Despite these emails and multiple notices of an impending summons, Defendant has deliberately failed to respond.

10. Additionally, building security confirmed that Defendant currently resides at 340 Giralda Avenue, Coral Gables, Florida, indicating Defendant is deliberately evading formal service.

 BASIS FOR ALTERNATIVE SERVICE

8. Private investigator Lorenzo Scott attempted service contact via email. Between September 17, 2024, and October 9, 2024, Mr. Scott sent approximately 15 emails to Defendant at janakan@bellwetherlaw.com and admin01@bellwetherlaw.io, all of which notified Defendant of the attempts to serve him. Key email dates include:

  - October 9, 2024, at 3:22 PM.

  - October 8, 2024, at 4:19 PM.

  - September 30, 2024, at 8:32 AM.

  - September 27, 2024, at 4:16 PM.

  - September 25, 2024, at 5:30 AM.

9. Despite these emails and multiple notices of an impending summons, Defendant has deliberately failed to respond.

10. Additionally, building security confirmed that Defendant currently resides at 340 Giralda Avenue, Coral Gables, Florida, 33134, by viewing a photograph of Defendant published on his business website bellwetherlaw.com

BASIS FOR ALTERNATIVE SERVICE

11. Despite Plaintiff's diligent efforts to serve Defendant through traditional means, Defendant has actively evaded service. However, Plaintiff has substantial evidence that Defendant regularly uses his email account, janakan@bellwetherlaw.com, for professional and litigation-related correspondence. As recently as October 2024, Defendant sent several emails from this address, indicating that he is fully aware of the ongoing litigation.

12. Rule 4(e) of the Federal Rules of Civil Procedure permits service by alternative means when traditional service is not feasible. Florida state law allows for service via email in such circumstances (Florida Statutes § 48.194).

## EXHIBITS

Exhibit 1: Affidavits from process servers detailing attempts at Defendant's Florida Bar-listed business address 2525 Ponce de Leon suite 300 Coral Gables FL 33134 personal address and residence.

Exhibit 2: Emails between Plaintiff and Defendant from March 2024 to present, showing Defendant's use of janakan@bellwetherlaw.com and admin01@bellwetherlaw.io.

Exhibit 3: A copy of the June 14, 2024, email from Defendant to Plaintiff offering a global settlement confirming his awareness of the lawsuit.

RELIEF REQUESTED

WHEREFORE, Plaintiff respectfully requests that this Honorable Court grant

this Motion for Alternative Service, allowing Plaintiff to serve Defendant,

Janakan Thiagarajah, via email at janakan@bellwetherlaw.com, in accordance

with Federal Rules of Civil Procedure and any other relief this Court deems

just and proper.

Dated: Tuesday, October 15, 2024

Respectfully submitted,

/s/ Diop Kamau

Tuesday, October 15, 2024

9217 Hampton Glen Court

Tallahassee, FL 32312

Email: diopkamau@policeabuse.com

Phone: 850-566-7960

Plaintiff Pro Se

7

EXHIBIT 1

Affidavits from Process Servers


This exhibit includes affidavits from process servers detailing the numerous attempts made at the Defendant's Florida Bar-listed address and residence, including specific dates and times of attempted service.

Docusign Envelope ID: 0ED49DE6-4F25-469B-9ABE-B9DF7B365F45

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA


Diop Kamau,
Plaintiff,
v.
Janakan Thiagarajah,
Defendant.


CASE NO.: 4:24-cv-00207-AW-MAF

---

AFFIDAVIT OF SERVICE BY LORENZO SCOTT

I, Lorenzo Scott, being duly sworn, hereby depose and state as follows:

1. I am a licensed private investigator, residing at 3425 Bannerman Rd., Tallahassee, FL, and retained by Diop Kamau, Plaintiff in the above-captioned case, to assist with the service of process on Defendant, Janakan Thiagarajah.

2. Between September 17, 2024, and October 9, 2024, I made multiple attempts to notify Defendant, Janakan Thiagarajah, of the pending litigation by sending a series of emails to the Defendant's known and active email addresses, including his Florida Bar-registered email address, janakan@bellwetherlaw.com.

3. During this period, I sent approximately 20 emails to the following addresses associated with Defendant:
   - janakan@bellwetherlaw.com (Florida Bar-registered email address)
   - admin01@bellwetherlaw.io, (an additional email address known to be used by the Defendant).

4. The emails included notifications regarding the service of process, copies of court filings, and requests for Defendant to accept service of process voluntarily, as he had been evading traditional methods of service.

5. Despite my repeated efforts to communicate and notify Defendant of the legal proceedings against him, I received no response to any of the emails sent to either of these addresses. The Defendant has failed to acknowledge or respond to any of the notices provided via email.

Docusign Envelope ID: 0ED49DE6-4F25-469B-9ABE-B9DF7B365F45

6. To the best of my knowledge, Defendant is actively using the email address janakan@bellwetherlaw.com, as he has used this address for correspondence with Plaintiff and Plaintiff's attorneys in relation to this case on previous occasions.

7. I certify that all of my attempts to contact the Defendant through the provided email addresses were made in good faith and in full compliance with my duties as a private investigator.

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge and belief.

Executed on this 15th day of October 2024.

Signed by:

3A5BE06F6D61479...                                   10/15/2024

Lorenzo Scott
Private Investigator
3425 Bannerman Rd.
Tallahassee, FL

**UNITED STATES DISTRICT COURT**
**For the Northern District of Florida**

-----------------------------------------------------------------------------

DIOP KAMAU                          )
                                    )
    Plaintiff(s),                )          Civil Action No. 4:24-cv-207-AW?MAF
                                    )
v.                                  )
                                    )          SUMMONS IN A CIVIL ACTION
JANAKAN THIAGARAJAH                 )
                                    )
    Defendant(s)                 )

_____

## AFFIDAVIT OF DILIGENT SEARCH

    I, Elena Dyer, Certified Process Server #1054 in Miami Dade County, Florida and President of Dyer P.I. & Associates Corp. located at 10300 Sunset Dr. Suite 142, Miami, Fl 33173, affirms that after due search, careful inquiry and diligent attempts, I was unable to personally serve Janakan Thiagarajah for the following reasons:

-   Numerous searches were conducted through different databases and 2 different addresses associated to the defendants were visited in our attempts to serve him:
-   340 Giralda Ave Apt. 512, Coral Gables, Fl 33134 – At the first visit to this location on July 29, 2024, at around 7:30 pm, as I was attempting to reach the defendant through the intercom from the street, the security guard happened to be entering and allowed me to come into the building, confirming that the defendant resides at Apt. 512 and entered a code in order for me to go up in the elevator. I knocked on the door for a few minutes, however, no one came to the door so I left. This building is very secured and access is not easy. At the second visit on August 6th, I was not able to get inside the building, I tried the intercom to the defendant's apartment, but it was not answered.
-   After conducting a search, I called different phone numbers associated to the defendant and had the following results:
-   (202) 596-8434 – Called on 8/19 and 8/29 - left messages asking for a call back.
-   (202) 441-7211 – Called on 8/9 and 8/19 - left messages asking for a call back.
-   (804) 971-7211 – Called on 8/19 - the number was no longer in service.
-   (305) 402-4130 – Called on 8/7 and 8/12 – rings and no one answers.
-   (305) 525-3052 – Called on 8/7 and 8/12 – it said the call could not be completed. The last number was obtained from the Florida Bar Association's website when searching using his name; it shows the Bellwether Law Firm at 2525 Ponce de Leon Blvd., Suite 300, Coral Gables, Fl 33134 associated to him, his Florida Bar #1040171. That address is a Regis Virtual Office.
-   The Florida Bar also shows his email address as Janakan@bellwetherlaw.com,
-   I sent the defendant an email at that address identifying myself as a Process Server for Miami Dade County and explaining that I had court documents to serve
-

Page 2
Kamau v. Thiagarajah
Affidavit of Diligent Search

- him with and wrote the style of the case; I asked for a call back to arrange a place to meet in order to serve him.  A response was never received.
- The above is the truth to the best of my recollection.

FURTHER AFFIANT SAYETH NAUGHT.

**ELENA DYER**

Sworn and subscribed before me this _5_ day of _September_, 2024.
This individual is known to me _____ or provided ID: _FDL D600-213-42-738-0_

MARIA MONTERO MONTESINO
Notary Public - State of Florida
Commission # HH 391604
My Comm. Expires Jun 12, 2027

Notary Public, State of Florida

My Commission Expires:



# Miami-Dade Police Department

## Court Services Section

**Stephanie V. Daniels**
*Director*



| | |
|---|---|
| DIOP KAMAU vs. JANAKAN THIAGARAJAH | **Case Number**<br>4:24-CV-207-AW?MAF |

## RETURN OF SERVICE

SUMMONS - CIVIL

| 10/1/24  5:53 pm | No Service - Other | UNSERVED | JANAKAN THIAGARAJAH |
|---|---|---|---|

| | |
|---|---|
| 09/09/2024 | Came this day into hand of the Sheriff |
| 09/24/2024 | 10:18 AM - CSS1 MAGALLY MONTENEGRO #4747, ATTEMPTED TO SERVE THE SUMMONS TO JANAKAN THIAGARAJAH AT 340 GIRALDA AVE, APT 512, CORAL GABLES, FL 33134-5066. THERE WAS NO ANSWER.\N\NCALLED VIA CALLBOX, NO ANSWER. LEFT VOICE MESSAGE. CALLED DIFFERENT NUMBERS PROVIDED AND UNABLE TO CONTACT TO BE SERVED. LEFT VOICE MESSAGES ON TWO OF NUMBERS, TWO OTHER NUMBERS ARE NON-WORKING. |
| 09/25/2024 | 09:27 AM - CSS1 MAGALLY MONTENEGRO #4747, ATTEMPTED TO SERVE THE SUMMONS TO JANAKAN THIAGARAJAH AT 340 GIRALDA AVE, APT 512, CORAL GABLES, FL 33134-5066. THERE WAS NO ANSWER.\N\NNOTICE REMOVED. |
| 09/25/2024 | 03:40 PM - CSS1 JUAN HERNANDEZ #8832, ATTEMPTED TO SERVE THE SUMMONS TO JANAKAN THIAGARAJAH AT 340 GIRALDA AVE, APT 512, CORAL GABLES, FL 33134-5066. THERE WAS NO ACCESS.\N\N@ ELEVATOR |
| 10/01/2024 | 05:53 PM - THE SUMMONS WAS NOT SERVED TO JANAKAN THIAGARAJAH AT 340 GIRALDA AVE, APT 512, CORAL GABLES, FL 33134-5066\N\NNO ACCESS, ELEVATOR NEEDS ACCESS CODE TO GO TO UNIT, UNABLE TO MAKE CONTACT. |

JAREL ROBERTS, CSS1, #60171

**DIOP KAMAU**
**9217 HAMPTON GLEN CT**
**TALLAHASSEE, FL 32312**

AO 440 (Rev. 06/12)  Summons in a Civil Action

# UNITED STATES DISTRICT COURT
## for the
### Northern District of Florida  ☑

| | |
|---|---|
| Diop Kamau | ) |
| | ) |
| | ) |
| | ) |
| _____ | ) |
| *Plaintiff(s)* | ) |
| v. | ) |
| Janakan Thiagarajah | ) |
| | ) |
| | ) |
| _____ | ) |
| *Defendant(s)* | ) |

Civil Action No. 4:24-cv-207-AW?MAF

## SUMMONS IN A CIVIL ACTION

SERVED
DATE _____
TIME _____
BY _____
BADGE # _____
MIAMI-DADE POLICE DEPARTMENT
OFFICE OF THE
METROPOLITAN SHERIFF
COURT SERVICES BUREAU
MIAMI-DADE COUNTY, FLORIDA

To: *(Defendant's name and address)*

    Janakan Thiagarajah
    340 Giralda Ave Apt 512,
    Coral Gables, FL 33134-5066

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:

    Diop Kamau

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*CLERK OF COURT*

Date:    07/30/2024    _____

*Signature of Clerk or Deputy Clerk*

FILED USDC FLND TL
JUL 30 '24 PM 0:40

Miami-Dade Police Department

Sheriff services Bureau

601 NW 1st Court, 9th floor

Miami FL 33136

SERVICE
INSTRUCTIONS
INSIDE

Wednesday, September 18, 2024

To whom it may concern:

I request subpoena service on attorney Janakan Thiagarajah, 340 Giralda Ave., apt 512 Coral Gables, FL 33134. Please make an effort to contact the defendant by telephone at these numbers:

Here is the list of phone numbers you provided:

1. (202) 596-8434 — left msg. 9/24 10:32am
2. (202) 441-7211 — left msg.
3. (804) 971-7211 — non working #.
4. (305) 402-4130 — keeps ringing unable to leave msg.
5. (305) 525-3052 — call drops

If the defendant does not answer, please note in your affidavit that you made the effort to call as well.



If you have any questions or issues with the service, please call me at 850-566-7960 or e-mail me at Sgtdcj@icloud.com.


Respectfully,

Diop Kamau

EXHIBIT 2

Emails Between Plaintiff and Defendant

This exhibit contains emails exchanged between Plaintiff and Defendant, demonstrating that Defendant uses janakan@bellwetherlaw.com for litigation-related matters. The emails span from March 2024 to the present, highlighting Defendant's knowledge of the case.

The document contains a series of emails sent and received by Gregory Slate and his attorney. Here is a summary of the content and dates of the 14 emails involving them:

1. April 29, 2024 - Email from Bellwether Admin to Zoe Shir and other parties about uploading exhibits for a hearing on May 1st.

2. May 21, 2024 - Email from Bellwether Admin to multiple parties asking if they represent the Police Complaint Center, an unincorporated association.

3. May 21, 2024 - Plaintiff's reply to opposition to the Motion for Leave to File the First Amended Complaint, shared with the relevant parties.

4. June 18, 2024 - David L. DeWitt informing that they do not represent Kamau regarding the counterclaim. Kamau is representing himself pro se.

5. June 18, 2024 - Email from David DeWitt to Janakan Thiagarajah stating that they are not commenting on the claims defended.

6. June 26, 2024 - Janakan Thiagarajah files a Motion to Extend Time to File a Response to Pro Se Counterclaims.

7. June 26, 2024 - Email from Bellwether Admin to Judge Dayson and other parties sharing Plaintiff's Motion to Extend Time.

8. July 2, 2024 - Email from Diop Kamau to Janakan Thiagarajah notifying intent to file a Rule 11 Motion for Sanctions against Slate.

9. May 21, 2024 - Submission of Plaintiff's Motion for Leave to File the First Amended Complaint and supporting documents.

10. June 14, 2024 - Communication from Janakan Thiagarajah to opposing counsel before drafting responses to recent filings.

11. July 2, 2024 - Diop Kamau sent a formal notice about the intent to file a Rule 11 motion.

12. June 26, 2024 - An email to Judge Dayson regarding a request for the amendment of the case.

13. May 21, 2024 - Email clarifying the nature of an amended complaint with attached exhibits.

14. April 29, 2024 - Email mentioning technical issues with uploading exhibits for a hearing.

These emails were found in the document and contain various procedural communications and legal arguments related to the ongoing case.

 Outlook

---

**Notice of summons**

---

**From** Lorenzo Scott <Lorenzo@ejpig.com>

**Date** Tue 10/8/2024 4:19 PM

**To** admin1@bellwetherlaw.io <admin1@bellwetherlaw.io>; janakan@bellwetherlaw.com <janakan@bellwetherlaw.com>

Mr. Thiagarajah.

I am a licensed Private Investigator. I am attempting to serve a legal summons from the Northern District of Florida court in the case KAMAU versus Thiagarajah.

I would like to arrange for a meeting where you can receive legal service of process. I'm available to come to your home or office at any time between 9 AM and 5 PM any day of the week or on the weekends if you are available.

Please respond to this message or call me at

Lorenzo Scott
850-621-5345

**Diop Kamau**

| | |
|---|---|
| **From:** | Bellwether Admin <admin1@bellwetherlaw.io> |
| **Sent:** | Tuesday, April 23, 2024 1:48 PM |
| **To:** | Walter Gillcrist |
| **Cc:** | David L. DeWitt; Leslie Wiseman |
| **Subject:** | RE: Slate v. Kamau (D.C. Super: 2024-CAB-0003534) |
| **Attachments:** | Draft Amendment23042024.pdf |

Attached is a draft copy of the proposed amendment we are working on. Please let me know if Defendant will oppose our motion for leave to amend.

THE BELLWETHER LAW FIRM

+1 (305) 525-3052 | janakan@bellwetherlaw.com

2525 Ponce de Leon Blvd, Suite 300, Coral Gables, FL 33134

www.bellwetherlaw.com

*Licensed in: Florida, New York, District of Columbia, Virginia, Massachusetts, and Illinois.*

On Friday, March 8th, 2024 at 12:48 PM, Walter Gillcrist <WGillcrist@budownoble.com> wrote:

> Hi Janakan.  We'd have to see the new Complaint or know how you are trying to amend it. Candidly, probably not consent.  thanks
>
> **From:** Bellwether Admin <admin1@bellwetherlaw.io>
> **Sent:** Friday, March 8, 2024 5:20 PM
> **To:** Walter Gillcrist <WGillcrist@budownoble.com>; David L. DeWitt <DdeWitt@budownoble.com>
> **Subject:** Slate v. Kamau (D.C. Super: 2024-CAB-0003534)
>
> Mr. Gillcrist:
>
> Plaintiff intends to seek leave to amend his complaint. Will Defendant consent?
>
> THE BELLWETHER LAW FIRM
>
> +1 (305) 525-3052 | janakan@bellwetherlaw.com

2525 Ponce de Leon Blvd, Suite 300, Coral Gables, FL 33134

www.bellwetherlaw.com

*Licensed in: Florida, New York, District of Columbia, Virginia, Massachusetts, and Illinois.*

| | |
|---|---|
| **From:** | Bellwether Admin |
| **To:** | JudgeDaysonChambers@dcsc.gov |
| **Cc:** | Walter Gillcrist; Diop Kamau; Janakan Thiagarajah; David L. DeWitt |
| **Subject:** | Gregory Slate v. Diop Kamau, 2024-CAB-000354 - Response to Pro Se Motion for Leave to File "Amended Complaint" |
| **Date:** | Tuesday, June 25, 2024 7:58:30 PM |
| **Attachments:** | Response to Pro Se Motion.pdf |
| | [Proposed] Order Denying MT for Leave to Amend.docx |

Your Honor,

Please see attached Plaintiff's Response to Defendant Diop Kamau *Pro Se* Motion for Leave to File an "Amended Complaint," with all exhibits attached as originally submitted to the clerk today. Additionally, an editable copy of the proposed order is also attached. A hard copy is being mailed to chambers after the filing is accepted by the Clerk.

Defendant's counsel has been copied on this email. Further, pursuant to Defendant's counsel's advice that Defendant Kamau "is representing himself in a pro se capacity as it concerns the Counterclaim. Therefore, Mr. Kamau needs to be sent all emails concerning the litigation going forward." Defendant Kamau is also copied on this email.

THE BELLWETHER LAW FIRM

+1 (305) 525-3052 | janakan@bellwetherlaw.com

2525 Ponce de Leon Blvd, Suite 300, Coral Gables, FL 33134

www.bellwetherlaw.com

*Licensed in: Florida, New York, District of Columbia, Virginia, Massachusetts, and Illinois.*

**From:** Bellwether Admin
**To:** Walter Gillcrist; David L. DeWitt; Diop Kamau; Janakan Thiagarajah
**Subject:** Slate v. Kamau, 2024-CAB-000354 - Consent to Extension of Time to File Response to Counterclaims
**Date:** Tuesday, June 25, 2024 8:10:37 PM

All:

Will the parties consent to a 30-day extension of Mr. Slate's time to file a responsive pleading to Defendant Kamau's counterclaims?

THE BELLWETHER LAW FIRM

+1 (305) 525-3052 | janakan@bellwetherlaw.com

2525 Ponce de Leon Blvd, Suite 300, Coral Gables, FL 33134

www.bellwetherlaw.com

*Licensed in: Florida, New York, District of Columbia, Virginia, Massachusetts, and Illinois.*

| | |
|---|---|
| **From:** | Bellwether Admin |
| **To:** | JudgeDaysonChambers@dcsc.gov |
| **Cc:** | Walter Gillcrist; David L. DeWitt; Janakan Thiagarajah; Diop Kamau |
| **Subject:** | Gregory Slate v. Diop Kamau, 2024-CAB-000354 - Motion to Extend Time to File Response to Pro Se Counterclaims |
| **Date:** | Wednesday, June 26, 2024 2:30:33 PM |
| **Attachments:** | MT Extend.pdf<br>MT Extend - Exhibit 1.pdf<br>[Proposed] Order Granting MT Extend Time Resp.docx |

Your Honor,

Please see attached Plaintiff's Motion to Extend Time to File Response to *Pro Se* Counterclaims, with exhibit attached as originally submitted to the clerk today. Additionally, an editable copy of the proposed order is also attached. A hard copy is being mailed to chambers after the filing is accepted by the Clerk.

Defendant's counsel has been copied on this email. Further, Defendant Kamau is also copied on this email per defendant's counsel advice that Defendant Kamau is representing himself in a *pro se* capacity as it concerns the Counterclaim and "needs to be sent all emails concerning the litigation going forward."

Thank you

THE BELLWETHER LAW FIRM

+1 (305) 525-3052 | janakan@bellwetherlaw.com

2525 Ponce de Leon Blvd, Suite 300, Coral Gables, FL 33134

www.bellwetherlaw.com

*Licensed in: Florida, New York, District of Columbia, Virginia, Massachusetts, and Illinois.*

**From:**    Bellwether Admin
**To:**       gillcrist Walter; David L. DeWitt; Diop Kamau
**Subject:**  Re: Subject: Notice of Intent to File Rule 11 Motion for Sanctions
**Date:**     Monday, July 15, 2024 4:38:21 PM

Mr. Kamau:

Your proposed motion evidences several serious violations of Rule 11 and, since you appear to insist on continuing such violations as you have in every prior pro se filing in this case, we intend to address it with a omnibus motion for sanctions at the appropriate time.  With respect to your proposed motion Rule 11 motion, if you file it, we will seek sanctions because, inter alia, it makes factual representations that you know are false, cannot be supported by any evidence, and to the extent relevant evidence exists it establish your claims are false. Your proposed motion is so replete with misrepresentations and rule violations I cannot address them all now but below are few examples so you cannot claim ignorance before the Court when you are called on to explain your conduct.

You know that it is a false statement that, "Mr. Slate falsely claimed to be an Emmy award-winning journalist. Evidence presented by ABC in prior litigation (Slate v. ABC) proves this claim to be fabricated." I know you know this is false because you testified under oath about Mr. Slate's receipt of any Emmy at length during multiple depositions. In fact, the record demonstrates ABC's position and the evidence they presented is exactly the opposite of what your motion claims. ECF 94-1

Further, your claims regarding the L Street address are flatly rebutted by your own evidence in the link provided with you proposed motion. If you continue to misuse your filing to regurgitate defamatory material from your websites into the court record there will be legal consequences. Please govern yourself accordingly.

THE BELLWETHER LAW FIRM

+1 (305) 525-3052 | janakan@bellwetherlaw.com

2525 Ponce de Leon Blvd, Suite 300, Coral Gables, FL 33134

www.bellwetherlaw.com

*Licensed in: Florida, New York, District of Columbia, Virginia, Massachusetts, and Illinois.*

---

**From:** Diop Kamau <DiopKamau@policeabuse.com>
**Sent:** Tuesday, July 2, 2024 9:57 PM
**To:** Janakan Thiagarajah <janakan@bellwetherlaw.com>
**Cc:** gillcrist Walter <WGillcrist@budownoble.com>; David L. DeWitt <DdeWitt@budownoble.com>
**Subject:** Subject: Notice of Intent to File Rule 11 Motion for Sanctions

Attorney Thiagarajah,

I am writing to formally let you know of my intent to file a Rule 11 Motion for Sanctions against your client, Gregory Slate, in the matter of Slate v. Kamau, Case No. 2024-CAB-000354, pending in the Superior Court for the District of Columbia

The basis for this motion includes the following:

1. False Claim of Emmy Award-Winning Status: Mr. Slate falsely claimed to be an Emmy award-winning journalist. Evidence presented by ABC in prior litigation (Slate v. ABC) proves this claim to be fabricated.

2. Misrepresentation of Address: Mr. Slate misrepresented the address of the Police Complaint Center, using his personal mailbox address (1220 L St. NW, Washington, DC) for both personal and professional purposes.

3. False Defamation Claims: Mr. Slate's defamation claims are baseless, as the June 3, 2023 letter described in your filing was a privileged communication made in the context of legal proceedings.

4. Pattern of Misconduct: Mr. Slate has a history of making false statements and misrepresenting facts to the court, evident from past and current proceedings.

Pursuant to Rule 11 and the applicable safe harbor provisions under the local rules of the Superior Court for the District of Columbia, you have 21 days from the date of this email to withdraw or appropriately correct the challenged contentions.

I have uploaded the documents and evidence supporting my motion to Dropbox for your reference. Please use the following link to access these files:

https://www.dropbox.com/scl/fo/i8z89ant8h2wiw47618z9/ANnHuonvXlXCS2VCZrU_uhs?rlkey=psm1ewsz4twipl400z8ye2a08&st=dzl2akev&dl=0


Please consider this a formal notice. If you do not take appropriate corrective actions within the safe harbor period, I will proceed with filing the motion for sanctions.

Sincerely,

Diop Kamau
9217 Hampton Glen Court
Tallahassee, FL 32312
Tel: (850) 566-7960
DiopKamau@policeabuse.com
Defendant Pro Se

EXHIBIT 3

June 14, 2024, Email from Defendant


This exhibit includes a copy of the email sent by Defendant to Plaintiff on June 14, 2024, offering a global settlement in relation to the case. This email confirms that Defendant has been aware of the lawsuit since at least that date.

**Diop Kamau**

| | |
|---|---|
| **From:** | Janakan Thiagarajah <janakan@bellwetherlaw.com> |
| **Sent:** | Friday, June 14, 2024 3:28 PM |
| **To:** | Walter Gillcrist |
| **Cc:** | David L. DeWitt |
| **Subject:** | Slate v Kamau - 2024-CAB-000354 - Recent Filings |

Walter,

Before I begin drafting responses to your client's recent filings—which appear pro se, docketed as "Motion for Leave to File Amended Complaint" and "Counterclaim"—I would appreciate if you could share your position on these filings.

I ask because the good faith move to restore order and significantly impact the course of this case would be withdrawing them.

For starters, if these claims are read alongside his affidavit submitted with your motion to dismiss, there's demonstrable falsity of many of the factual assertions in the filings.

The fact that seems clear is Defendant Kamau's objective with these pro se filings is to publish the same libelous material he publishes on the internet. And I think the filings amount to a clear Rule 11 violation.

To that end, let me just point out that many of these factual allegations in Defendant Kamau's "counterclaim" in this case are taken verbatim from a "first amended complaint" he filed on June 6 in the Northern District of Florida (case 4:24-cv-00207-AW-MAF). The "counterclaim" in this case asserts that "the actions giving rise to this complaint occurred within the District [of Columbia]," whereas his filing a few days earlier in the Northern District of Florida asserts that the same events happened in Florida.

Defendant Kamau's submission of affidavits that assert diametrically opposing facts has been an issue throughout the cases I have been involved in between the parties, and I hope that he would not be allowed to continue that pattern in this case, but if he is, we are prepared to address it accordingly.

I want to take this opportunity to reiterate that Mr. Slate's position remains the same as it has always been; he just wants to be left in peace and have no further contact with Defendant Kamau. Mr. Slate's effort in that regard has been substantially complicated by the mounting legal costs occasioned by Defendant's procedural games and submission of glaringly contradictory testimony.

It serves no one's interest, especially Defendant Kamau's, to continue to facilitate his compulsion to publish false claims about Mr. Slate and his attorneys. Since Defendant Kamau's attorney in Florida continues his effort to set aside the judgment against Defendants entered pursuant to his own offer of judgment, I'm amenable to discussing a global resolution of these matters with you.

Best,

Janakan

## Janakan Thiagarajah

### THE BELLWETHER LAW FIRM

+1 (305) 525-3052 | janakan@bellwetherlaw.com

2525 Ponce de Leon, Suite 300, Coral Gables, FL 33134

www.bellwetherlaw.com

*Licensed in: Florida, New York, District of Columbia, Virginia, Massachusetts, and Illinois.*

**This email may contain information that is attorney-client privileged and confidential. If not the intended recipient, we ask that you delete and please call (305) 525-3052 with any questions.

***NOTE: Neither Janakan Thiagarajah nor The Bellwether Law Firm, (Bellwether Law, PLLC) will represent individuals or entities as clients until a signed engagement agreement has been executed.