# IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF FLORIDA TALLAHASSEE DIVISION

**DIOP KAMAU,**

    **Plaintiff,**

**vs.**                                                    **Case No. 4:24cv207-AW-MAF**

**JANAKAN THIAGARAJAH,**
**and BELLWETHER LAW PLLC,**

    **Defendants.**
**_____/**

## REPORT AND RECOMMENDATION

On August 6, 2024, Plaintiff filed a motion requesting leave to file a third amended complaint, ECF No. 12, along with the proposed third amended complaint, ECF No. 13. The motion was granted in an Order entered on August 9, 2024, ECF No. 15, and the pro se Plaintiff was informed that it was his responsibility to ensure that Defendants were served with process within 90 days of that Order.

Plaintiff has now filed two motions - a motion for alternative service, ECF No. 18, and a motion for Clerk's entry of default judgment against

Defendant Bellwether Law PLLC, ECF No. 19. This Report and Recommendation deals only with the motion for default, ECF No. 19.

First, Plaintiff's motion is entitled as a "motion for clerk's entry of default judgment," but within the body of the motion, Plaintiff requests entry of a default judgment pursuant to Rule 55(b)(1). ECF No. 19 at 1. It is not entirely clear whether Plaintiff was requesting that the clerk "enter the party's default," a permissible action under Rule 55(a), or whether he seeks a default judgment, a separate process under Rule 55(b). On the final page of the motion, Plaintiff cites to "Federal Rule of Civil Procedure 55(a)," but he then requests that the Clerk "enter a default judgment," which is relief available under Rule 55(b). *Id.* at 3. Regardless of whether Plaintiff seeks entry of default under Rule 55(a) or entry of a default judgment under Rule 55(b), the motion cannot be granted.

Plaintiff states that Defendant Bellwether was served with the summons and complaint on August 23, 2024. ECF No. 19 at 2. As of October 16, 2024, the date the motion was filed, Defendant Bellwether had not filed an answer or other responsive pleading. ECF No. 19 at 2.

The docket reveals that the Clerk reissued a summons for Bellwether Law PLLC on August 14, 2024, ECF No. 16, after the filing of Plaintiff's

third amended complaint. The summons provided the Defendant with 21 days after service in which to serve an answer or Rule 12 motion. ECF No. 16.

A "proof of service" was filed by Plaintiff on August 26, 2024. ECF No. 17. The service return shows that summons was "served" on Registered Agent Services, an entity identified as authorized to accept service of process on behalf of Defendant Bellwether Law, on August 23, 2024. ECF No. 17 at 1. The return is sworn under penalty of perjury by Plaintiff Diop Kamau, who reports that he served the summons. *Id.* Attached to the return is a certified mail receipt which shows mail was sent to: Registered Agent Inc., 1717 N. Street N.W. #1, Washington, DC 20036. *Id.* at 2. It appears the certified mail was "delivered to an agent at the front desk, reception, or mail room at 12:41 pm on August 23, 2024," in Washington, DC. *Id.* at 3.

To be entitled to a Clerk's entry of default pursuant to Rule 55(a), or a default judgment under Rule 55(b), the Court must ensure, first, that Defendant was properly served with service which triggers the Defendant's duty to respond. "Generally, where service of process is insufficient, the court has no power to render judgment and the judgment is void." In re

Worldwide Web Sys., Inc., 328 F.3d 1291, 1299 (11th Cir. 2003). "[W]ithout proper service of process, the district court ha[s] no power to enter a default judgment against the [defendant]." Albert v. Discover Bank, Case No. 21-12011, 2022 WL 1184405, at *1 (11th Cir. Apr. 21, 2022). "Plaintiff has the burden of establishing effective service of process." Zamperla, Inc. v. S.B.F. S.R.L, 2014 WL 1400641, at *1 (M.D. Fla. Apr. 10, 2014) (quoted in ONPOWER, INC. & Thomas Esch v. United Power Line Contractors, LLC & Ryan Farris, No. 215CV796FTM99MRM, 2016 WL 9049315, at *1 (M.D. Fla. Mar. 14, 2016)). In this case, Plaintiff has not shown that service was properly executed on Defendant Bellwether.

    Federal Rule of Civil Procedure 4(d) permits a plaintiff to send notice to a defendant, advising that litigation has commenced, and requesting the defendant to waive formal service of process. The request to waive service may be "sent by first-class mali or other reliable means." Fed. R. Civ. P. 4(d)(1)(G). However, service on a corporation, partnership, or other unincorporated business association must be served "by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process . . . ." Fed. R. Civ. P. 4(h)(B). Moreover, Rule 4(c) is

Case No. 4:24cv207-AW-MAF

clear that "[a]ny person who is at least 18 years old <u>and not a party</u> may serve a summons and complaint." Fed. R. Civ. P. 4(c) (emphasis added).[1]

Here, Plaintiff's "proof of service" reveals that Plaintiff sent the summons, and presumably a copy of the third amended complaint along with it - by certified mail,  Thus, the effort to serve Defendant Bellwether was insufficient for several reasons - Plaintiff cannot carry out service, and he cannot do it by mail.  Because Plaintiff has failed to demonstrate that Defendant was properly served with process, his Rule 55 motion must be denied, whether construed as filed under Rule 55(a) or Rule 55(b).

## RECOMMENDATION

In light of the foregoing, it is respectfully **RECOMMENDED** that Plaintiff's motion for Clerk's entry of default judgment, ECF No. 19, be **DENIED** and this case be **REMANDED** for further proceedings.

**IN CHAMBERS** at Tallahassee, Florida, on October 21, 2024.

 S/     Martin A. Fitzpatrick
**MARTIN A. FITZPATRICK**
**UNITED STATES MAGISTRATE JUDGE**

---

[1] Plaintiff was advised of that Rule in the August 9th Order, ECF No. 15 at 2.

Case No. 4:24cv207-AW-MAF

## **NOTICE TO THE PARTIES**

Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations. Fed. R. Civ. P. 72(b)(2). A copy of the objections shall be served upon all other parties. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Fed. R. Civ. P. 72(b)(2). <u>Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control.</u> If a party fails to object to the Magistrate Judge's findings or recommendations as to any particular claim or issue contained in this Report and Recommendation, that party waives the right to challenge on appeal the District Court's order based on the unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.