**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION**

**DIOP KAMAU,**

     **Plaintiff,**

**vs.**                        **Case No. 4:24cv207-AW-MAF**

**JANAKAN THIAGARAJAH,
and BELLWETHER LAW PLLC,**

     **Defendants.**
_____/

# O R D E R

On October 16, 2024, the pro se Plaintiff filed a motion requesting
this Court allow him to serve Defendant Janakan Thiagarajah through an
alternate method of service.  ECF No. 18 at 1-2.  Notably, Plaintiff seeks to
serve that Defendant "via email."  *Id.* at 2.  Plaintiff contends that Defendant
Thiagarajah has "continuously evaded service" but Plaintiff has been able
to communicate with that Defendant "on multiple occasions" via email.  *Id.*

Plaintiff's motion details efforts made by a Miami-Dade County
Sheriff's office employee, a private process server, and a private
investigator to serve the Defendant at his "known address" in Coral Gables,

Florida. *Id.* at 3-5. Plaintiff contends that there was "no answer" at the residence, and no response was received from notices left on the door. *Id.* Multiple telephone calls were unanswered. *Id.* at 4. Furthermore, Plaintiff says that "approximately 15 emails" were sent without response. *Id.* at 5.

Plaintiff states that "Rule 4(e) of the Federal Rules of Civil Procedure permits service by alternative means when traditional service is not feasible." ECF No. 18 at 7. Plaintiff contends that under Florida state law, email is a permissible method of service when "traditional service is not feasible." *Id.* (citing FLA. STAT. § 48.194).

Plaintiff is not correct. The statute cited by Plaintiff, § 48.194, pertains to personal service "on a party in another state, territory, or commonwealth of the United States." It does not address email but, rather, specifies registered mail or first-class mail. Email is also possible as a method of alternative service, with court approval, "on a domestic or foreign corporation; a domestic or foreign general partnership, including a limited liability partnership; a domestic or foreign limited partnership, including a limited liability limited partnership; or a domestic or foreign limited liability company." FLA. STAT. § 48.102. That provision does not address using

email as an alternate method of service for an individual defendant who resides in Florida.

Although alternative methods of service have been approved under the federal Rules, it is not under the authority of Rule 4(e). Instead, an alternative method of service is permissible under Rule 4(f) which concerns service on an individual in a foreign country.

Rule 4(e) permits service on an individual within the United States in any of the following four ways: "(1) following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made; or (2) doing any of the following: (A) delivering a copy of the summons and of the complaint to the individual personally; (B) leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or (C) delivering a copy of each to an agent authorized by appointment or by law to receive service of process." Fed. R. Civ. P. 4(e). The Rule does not address alternative service except to the extent permitted by state law. *See* Birmingham v. Doe, 593 F. Supp. 3d 1151, 1157 (S.D. Fla. 2022) (stating "Rule 4(e) does not contain a subsection similar to Rule 4(f)(3)'s broad conferral of judicial discretion to

endorse alternative forms of service" and denying motion to serve individuals located in the United States via "alternative service"); <u>Miller v. Trust Properties</u>, No. 1:21-CV-3187-CAP-CCB, 2021 WL 9638542, at *3 (N.D. Ga. Dec. 20, 2021) (denying request to serve individual by email); *see also* <u>Tejada v. Boutros</u>, No. 8:20-CV-1071-T-23AAS, 2020 WL 10502617, at *2 (M.D. Fla. July 8, 2020) (stating that "evasion of service is not sufficiently clear to warrant alternative service on Mr. Boutrous, Kress, and RAB — at least not yet").

At least one other federal court in Florida has noted that "[t]he Federal Rules do not provide for service through electronic means." <u>Wildes v. Bitconnect Int'l PLC</u>, No. 9:17-CV-80086, 2018 WL 4864836, at *1 (S.D. Fla. Mar. 20, 2018). Although process servers have been unable to serve Defendant Thiagarajah at his purported residence[1] in Coral Cables, there is no indication that efforts have been made to serve the Defendant personally at his place of employment, nor has Plaintiff shown that the Defendant was sent a request to waive formal service.

---

[1] An affidavit attached to Plaintiff's motion explains that Defendant Thiagarajah resides in an apartment building with gated security making access difficult. *Id.* at 12.

Case No. 4:24cv207-AW-MAF

Defendant is an attorney, licensed to practice law in this state by The Florida Bar.  Locating an attorney is not usually very difficult.  One of the process servers reported leaving telephone messages for the Defendant which were not returned, and providing an address for the "Bellwether Law Firm at 2525 Ponce de Leon Blvd, Suite 300, Coral Gables, FL 33134," but stating that "is a Regis Virtual Office."[2]  ECF No. 18 at 12.  That is not currently the address provided for the Defendant, Bar Number 1040171, on The Florida Bar's website.[3]  The address provided there is: 817 Delmar Way Apt 207, Delray Beach, FL 33483-3373.  Even if the Defendant is using a "virtual" business address, Florida law provides a method for service on a person who has "a virtual office."  FLA. STAT. § 48.031(6)(a).[4]

---

[2] This is likely a typographical error and intended to say "Regus Virtual Office."  A virtual office with Regus provides businesses "with a prestigious business address, mail handling services, and access to meeting rooms and office spaces as needed, without the costs of a full-time physical office."  https://www.regus.com/en-us/virtual-offices.  The Coral Gables address provided by the process server was included on emails sent from the Bellwether Law Firm.  ECF No. 18 at 21-26, 29-30.

[3] https://www.floridabar.org/directories/find-mbr/profile/?num=1040171

[4] That statute provides: "If the only address for a person to be served which is discoverable through public records is a private mailbox, a virtual office, or an executive office or mini suite, substituted service may be made by leaving a copy of the process with the person in charge of the private mailbox, virtual office, or executive office or mini suite, but only if the process server determines that the person to be served maintains a mailbox, a virtual office, or an executive office or mini suite at that location."  FLA. STAT. § 48.031(6)(a)

Courts have permitted service of process via email when faced with

litigants who have no physical address, conduct business through

electronic communications, and are international.  *See* Chanel, Inc. v.

Zhixian, No. 10-CV-60585, 2010 WL 1740695, at *3 (S.D. Fla. Apr. 29,

2010) (citing to cases);[5] U.S. Commodity Futures Trading Comm'n v.

_____

[5]     Under certain circumstances, courts have allowed service by
e-mail and have found that it was the most likely method to
reach defendants. *See* Rio Props., Inc. v. Rio Int'l Interlink,
284 F.3d 1007, 1018 (9th Cir. 2002) ("[W]hen faced with an
international e-business scofflaw, playing hide-and-seek with
the federal court, e-mail may be the only means of effecting
service of process."); MacLean–Fogg Co. v. Ningbo Fastlink
Equip. Co., No. 08C2593, 2008 WL 5100414, at *1
(N.D.Ill.Dec.1, 2008) (concluding that service of process via
e-mail and facsimile comports with constitutional notions of
due process and can be authorized under Rule 4(f)(3));
Phillip Morris USA Inc. v. Veles, Ltd., 2007 WL 725412
(S.D.N.Y. 2007) (authorizing service of process upon online
stores via email to commence a trademark suit where no
physical addresses were posted on allegedly infringing
websites and the defendant's "business appear [ed] to be
conducted entirely through electronic communications");
Popular Enters., LLC v. Webcom Media Group, Inc., 225
F.R.D. 560, 563 (E.D. Tenn. 2004) (finding that service of
process by e-mail was reasonably calculated to apprise
defendant of the action and give it an opportunity to
respond); In re Int'l Telemedia Assoc., 245 B.R. 713, 719–20
(Bankr. N.D. Ga. 2000) (authorizing service via e-mail); *see
also* Chanel, Inc. v. Lin, No. 08–23490–CIV, 2009 WL
1034627, at *1 (S.D. Fla. Apr.16, 2009) ("[F]ederal courts
have allowed a wide array of methods of service of process
under Rule 4(f)(3) because 'service of process under Rule
4(f)(3) is neither a last resort nor extraordinary relief.' "
(quoting Rio Props., Inc., 284 F.3d at 1015 and Forum Fin.
Group, LLC v. President & Fellows, 199 F.R.D. 22, 23–24
(D. Me. 2001) (internal quotations omitted))).

Aliaga, 272 F.R.D. 617, 620 (S.D. Fla. 2011) (noting that alternative method of service "must comport with constitutional notions of due process"). Here, it has not been satisfactorily shown that Defendant Janakan Thiagarajah does not have a physical address such that he could not be located and served. The motion to serve the Defendant by alternative means, ECF No. 18, is denied without prejudice.

Considering the difficulty Plaintiff has experienced in serving the Defendants in this case, Plaintiff is provided an extension of time in which to carry out service. Defendants shall be served with a copy of Plaintiff's third amended complaint, ECF No. 13, and summons by **December 23, 2024.**[6]

Accordingly, it is

**ORDERED:**

1. Plaintiff's motion for alternative service, ECF No. 18, is **DENIED without prejudice**.

_____

Chanel, Inc., No. 10-CV-60585, 2010 WL 1740695, at *3.

[6] Service of Plaintiff's third amended complaint was directed on August 9, 2024, ECF No. 15, and the pro se Plaintiff was informed that Defendants had to be served with process within 90 days of that Order. That 90-day period has not yet expired.

Case No. 4:24cv207-AW-MAF

2.  Plaintiff is provided an extension of time in which to serve the Defendants with process.  Service should be completed by **December 23, 2024.**

3.  The Clerk of Court shall return this file upon receipt of a return of service, or no later than December 23, 2024.

**DONE AND ORDERED** on October 21, 2024.


**S/   Martin A. Fitzpatrick**
**MARTIN A. FITZPATRICK**
**UNITED STATES MAGISTRATE JUDGE**

Case No. 4:24cv207-AW-MAF