# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF FLORIDA
# TALLAHASSEE DIVISION

**DIOP KAMAU,**

    **Plaintiff,**

**vs.**                                                                                       **Case No. 4:24cv207-AW-MAF**

**JANAKAN THIAGARAJAH,**
**and BELLWETHER LAW PLLC,**

    **Defendants.**
**_____/**

## SECOND REPORT AND RECOMMENDATION

Pending in this case are two motions to dismiss for lack of subject matter jurisdiction, ECF Nos. 23 and 29, filed by Defendants Bellwether Law Firm PLLC ["BLF"] and Defendant Janakan Thiagarajah, respectively, as well as a motion for leave to file an amended complaint, ECF No. 31, filed by pro se Plaintiff Diop Kamau.  Plaintiff simultaneously filed his response, ECF No. 32, to Defendant Thiagarajah's motion to dismiss and a second amended response, ECF No. 33, to Defendant BLF's motion.

As an initial matter, Plaintiff first filed a response, ECF No. 25, to BLF's motion to dismiss on November 18, 2024.  He did not file an

amended response. Thus, his "second amended response," ECF No. 33, should have been titled only as an amended response, but it will remain as he titled it. Additionally, Plaintiff was given until December 6, 2024, to file an amended response. ECF No. 28. His "second amended response," ECF No. 33, was filed on that deadline and is therefore timely and will be considered.

**Procedural Status**

Plaintiff initiated this case on May 13, 2024, by filing a complaint against Gregory Slate. ECF No. 1. Plaintiff paid the filing fee, ECF No. 2, and summons was issued for Slate. ECF No. 4. Thereafter, Plaintiff filed a first amended complaint, ECF No. 6, against Defendant Thiagarajah only. Again, a summons was issued by the Clerk's Office even though Plaintiff had not filed a motion or been granted leave to amend his complaint. After review of the first amended complaint, ECF No. 6, an Order was entered advising Plaintiff that his amended complaint could not proceed because Plaintiff only provided an electronic signature. *Id.* at 25. Because Plaintiff is pro se, he is not permitted to file documents electronically or use an electronic signature. ECF No. 8 at 2. Plaintiff was required to correct that deficiency, to also present the factual allegations in short, numbered

paragraphs as required by Rule 10(b), to comply with Local Rule's font size requirement, and to properly assert his claims. *Id.*

Plaintiff then timely filed his second amended complaint, ECF No. 9, and once again, the Clerk's Office issued summons to Plaintiff for the two Defendants named in that pleading: Defendants BLF and Thiagarajah. ECF No. 10. Still not satisfied, a week later Plaintiff filed a motion for leave to file a third amended complaint, ECF No. 12, and the proposed pleading, ECF No. 13. Plaintiff explained that the amendment was merely to correct the name of Defendant BLF, ECF No. 12, and his motion was granted. ECF No. 15. At this point, Plaintiff's third amended complaint, ECF No. 13, is the operative pleading.

There were difficulties in serving the Defendants with process, leading Plaintiff to file a motion for alternative service for Defendant Thiagarajah, ECF No. 18, along with a motion for Clerk's entry of Default against Defendant BLF, ECF No. 19. Plaintiff's motion for alternate service was denied, ECF No. 21, and at this point, Defendant Thiagarajah has waived service. *See* ECF No. 26. A Report and Recommendation, ECF No. 20, was entered concerning the motion for default, recommending it be denied because Plaintiff had not shown that Defendant BLF was properly

served with process.  That Report and Recommendation remains pending, although no objections were filed.  Shortly after the Report and Recommendation was entered, summons was returned executed for Defendant BLW, ECF No. 22, and the motion to dismiss filed, ECF No. 23.

**Motions to Dismiss**

Both Defendants seek to dismiss Plaintiff's third amended complaint for lack of jurisdiction.  ECF No. 23 at 3; ECF No. 29 at 5.  Defendants argue that Plaintiff's third amended complaint was brought based on diversity jurisdiction.  They point out that Plaintiff alleged that this "Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332(a) because the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different states."  ECF No. 29 at 5 (quoting ECF No. 13, ¶ 4); *see also* ECF No. 23 at 3.  Defendants contend that all parties are citizens of Florida.  ECF No. 23 at 3-4; ECF No. 29 at 5-6.  In particular, Defendant Thiagarajah noted that Plaintiff's motion for alternative service acknowledged that the Defendant resided at an apartment building in Florida as confirmed by a security guard at his home.  *See* ECF No. 18 at 4.  Defendant Thiagarajah has shown he is a resident of Florida.  ECF No.

Page 5 of 13

29 at 5 and ECF No. 29-5.  Defendant BLF is a limited liability company registered to do business in Florida, it has a principal address in Delray Beach, Florida, and the Articles of Organization demonstrate this to be a Florida entity.[1]  ECF No. 29 at 6; ECF No. 23 at 5.

**Plaintiff's Responses**

Plaintiff opposes both motions.  In his response to Defendant BLF's motion to dismiss, Plaintiff attempts to show "the appropriateness of this Court's jurisdiction over" Defendant BLF.  ECF No. 33 at 1.  He has shown that there are "substantial contacts" with the District of Columbia, and the firm has an address and telephone number there.  *Id.* at 2.  He contends BLF has "no substantive presence in Florida" because Plaintiff found "no active cases involving" Defendant BLF.  *Id.*  On the other hand, as recently as September 21, 2024, Defendants Thiagarajah and BLF filed documents in the Superior Court of the District of Columbia using a Washington, D.C. address and telephone number.  *See* ECF No. 33 at 8, 11. Plaintiff also

---

[1] The Court has confirmed the accuracy of the Florida Department of State, Division of Corporations website as provided in ECF No. 23 at 5: thehttps://search.sunbiz.org/Inquiry/CorporationSearch/SearchResultDetail?inquirytype=EntityName&directionType=Initial&searchNameOrder=BELLWETHERLAW%20L220005178180&aggregateId=flal-l22000517818-4a449b25-4ae1-4653-82bb-92ebbef07fe6&searchTerm=Bellwether%20Law&listNameOrder=BELLWETHERLAW%20L220005178180.

Case No. 4:24cv207-AW-MAF

submitted a copy of a computer printout showing Defendant BLF is registered to do business in D.C.  ECF No. 33 at 15.  While that appears correct, the Court notes that BLF was registered with a "foreign name" and shows the entity was organized on January 18, 2019, in the State of Florida.  *Id.* at 16.

Likewise, Plaintiff seeks to show that jurisdiction is appropriate for Defendant Thiagarajah as well because he has "significant ties to the District of Columbia."  ECF No. 32 at 1.  Plaintiff contends that the Defendant has [n]o substantive presence in Florida" and lacks a "meaningful legal practice in Florida."  *Id.* at 2, 4.  Plaintiff argues that Defendant Thiagarajah "maintains active professional and personal ties to D.C." and uses a Virginia driver's license, and has registered vehicles in D.C.[2]  *Id.* at 5.

**Standard of Review**

A motion to dismiss for lack of subject matter jurisdiction - challenging a federal court's statutory or constitutional power to adjudicate a case - is appropriately filed pursuant to Federal Rule of Civil Procedure 12(b)(1).

---

[2] The Court notes that those assertions are not supported with evidence and are accepted as argument only.

Case No. 4:24cv207-AW-MAF

Such a challenge may take the form of either a facial or factual attack. Scarfo v. Ginsberg, 175 F.3d 957, 960 (11th Cir. 1999). Facial attacks require the Court to review the operative pleading "and see if [the] plaintiff has sufficiently alleged a basis of subject matter jurisdiction, and the allegations in his complaint are taken as true for the purposes of the motion." Garcia v. Copenhaver, Bell & Assocs., M.D.'s, P.A., 104 F.3d 1256, 1261 (11th Cir. 1997) (quoting Lawrence v. Dunbar, 919 F.2d 1525, 1529 (11th Cir. 1990)). On the other hand, a factual challenge questions the existence of subject matter jurisdiction based on matters outside the pleadings. Lawrence, 919 F.2d at 1529. In other words, "irrespective of the pleadings, . . . matters outside the pleadings, such as testimony and affidavits, are considered.'" Garcia, 104 F.3d at 1261.

**Analysis**

Although Defendants motions to dismiss do not make clear which type of challenge they raise, it necessarily appears that this is a factual challenge. That is so because there are insufficient facts presented within the third amended complaint [hereinafter "complaint"] concerning jurisdiction and, moreover, Plaintiff as well as Defendant Thiagarajah

presented extrinsic evidence which has been reviewed. ECF No. 29-1 - ECF No. 29-5; ECF Nos. 32-33.

Plaintiff's complaint asserted that subject matter jurisdiction existed "pursuant to 28 U.S.C. § 1332(a) because the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different states." ECF No. 13 at 2. That conclusory assertion was not supported by facts which alleged where either Defendant resided. Plaintiff included his own signature block which provides an address in Tallahassee, Florida. ECF No. 13 at 13. He did not include any addresses for the Defendants within the complaint.

Having reviewed Defendants' evidence, the Court finds that it is established that Defendants BLF and Thiagarajah are residents of Florida. The submission of the driver's license proves as much, but Plaintiff also acknowledged that Thiagarajah resides in Florida in his motion for alternative service, ECF No. 18. Defendant BLF has shown that it is a Florida business entity and Plaintiff has not demonstrated otherwise. The fact that BLF also operates in another state or in the District of Columbia does not mean it is not a Florida limited liability company.

Plaintiff's responses confuse the issue of whether diversity jurisdiction exists with whether an an out-of-state defendant has sufficient "minimum contacts" in the forum State so that personal jurisdiction over the defendant comports with "fair play and substantial justice." <u>Burger King Corp. v. Rudzewicz</u>, 471 U.S. 462, 105 S. Ct. 2174, 85 L. Ed. 2d 528 (1985); <u>International Shoe Co. v. Washington</u>, 326 U.S. 310, 320, 66 S.Ct. 154, 160, 90 L.Ed. 95 (1945).  The Defendants here do not challenge the issue of personal jurisdiction.  Rather, Defendants motions to dismiss argue only that diversity jurisdiction does not exist because all parties are residents of the State of Florida.  Having reviewed the evidence presented, the Court agrees.

That is not the end of the matter, however.  Plaintiff alleged in paragraph 4 of the complaint that this Court has subject matter jurisdiction pursuant to the diversity statute, 28 U.S.C. § 1332(a).  ECF No. 13 at 2.  However, paragraph 5 of the complaint alleged that "[t]his Court also has jurisdiction under 28 U.S.C. § 1331 because this action arises under the Copyright Act, 17 U.S.C. § 101 et seq." <i>Id.</i>  In support of that claim, Plaintiff alleged that Gregory Slate published some of Plaintiff's videos on Slate's own personal YouTube account, "forcing Plaintiff to file multiple

copyright claims seeking their removal." *Id.* at 4. Plaintiff claimed that "Defendant Thiagarajah, through Bellwether Law Firm Inc., assisted his client in presenting a fraudulent claim of copyright ownership." *Id.* at 5. "As a result, Plaintiff's YouTube account was shut down." *Id.* at 6. Plaintiff alleged that this harmed his business. *Id.* He specifically asserted a bare-bones copyright claim: "Defendants Thiagarajah, Bellwether Law Firm Inc., and Slate filed multiple fraudulent copyright claims, causing financial loss and disruption." *Id.* at 10. In light thereof, the Defendants' motions to dismiss based on a lack of subject matter jurisdiction should be denied. Regardless of whether diversity jurisdiction exists, Plaintiff also alleged federal question jurisdiction pursuant to 28 U.S.C. § 1331.

     Finally, the Court has considered Plaintiff's motion for leave to file an amended complaint. ECF No. 31. Plaintiff requested leave to add Gregory Slate back into this case as a Defendant. *Id.* at 2. Although the deadline has not passed for Defendants to respond to that motion, the Court notes that Plaintiff's motion does not comply with the Local Rules of this Court. Local Rule 15.1(B) provides that when "a pleading may be amended only by leave of court, the amending party must file a motion for leave to amend and must simultaneously file the proposed amended pleading itself." N.D.

Fla. Loc. R. 15.1(B).  Because Plaintiff did not file the proposed amended pleading with the motion, the motion, ECF No. 31, should be denied without prejudice.

Although it should be denied without prejudice, the fact that Plaintiff initiated this case with a complaint that initially named only Slate as Defendant has not gone unnoticed.  Plaintiff then filed the first amended complaint, ECF No. 6, the second amended complaint, ECF No. 9, and then a third amended complaint, ECF No. 13, which omitted that Defendant.  Plaintiff has had numerous opportunities and eight months in which to pursue a claim against Defendant Slate.  This case should not go back and forth, including and omitting Defendants.

Furthermore, Plaintiff indicated that "Slate recently filed a fraudulent copyright claim against Plaintiff's YouTube content."  ECF No. 31 at 3.  These allegations presumably overlap and involve issues from case number 4:21cv390-MW-MJF, as Plaintiff included filings from that case with his motion.  ECF No. 31 at 18-44.  Plaintiff also included a Rule 11 motion for sanctions that was purportedly submitted in a separate District of Columbia case between Slate and Plaintiff, case number 2024-CAB-000354.  ECF No. 31 at 49-60.  Plaintiff must not seek to add claims

Case No. 4:24cv207-AW-MAF

against Slate in this case in an effort to overturn unfavorable decisions made in other cases.

## RECOMMENDATION

It is respectfully **RECOMMENDED** that the motions to dismiss for lack of subject matter jurisdiction, ECF Nos. 23 and 29, be **DENIED**, that Plaintiff's motion for leave to amend, ECF No. 31, be **DENIED** without prejudice, that Defendants be required to file an answer to the third amended complaint within fourteen days, and this case be **REMANDED** for further proceedings.

**IN CHAMBERS** at Tallahassee, Florida, on December 11, 2024.

 S/    Martin A. Fitzpatrick
**MARTIN A. FITZPATRICK**
**UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

**Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations.  Fed. R. Civ. P. 72(b)(2).  A copy of the objections shall be served upon all other parties.  A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.  Fed. R. Civ. P. 72(b)(2).  <u>Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control.</u>  If a party fails to object to the Magistrate Judge's findings or recommendations as to any particular claim or issue contained in this Report and Recommendation, that party waives the right to challenge on appeal the District Court's order based on the unobjected-to factual and legal conclusions.  *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.**